**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ROBERT WADE MORSE,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>Defendants. | Case No.: 3:16-cv-00680-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF Nos. 34, 41 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

The court recommends that this action be dismissed due to Plaintiff's failure to prosecute the case, and that Defendants' pending motion for summary judgment be denied as moot.

**I. BACKGROUND**

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC) when he filed this action under 42 U.S.C. § 1983. According to Defendants, Plaintiff was released on parole on January 31, 2018.

Plaintiff filed a notice with the court on January 18, 2018, indicating he would be released that date and provided the court with his new address. (ECF No. 9.) He also stated he would attend the early mediation conference in person. Plaintiff participated in the early mediation conference on February 6, 2018, but a settlement was not reached. (ECF No. 10.)

Defendants filed a motion for summary judgment on October 15, 2018, that was served on Plaintiff at his new address of record. (ECF No. 34.) Plaintiff did not timely file a response. On

January 4, 2019, the court issued a minute order giving Plaintiff an extension until January 24, 2019, to file a response.

As of April 22, 2019, Plaintiff had not filed a response. As a result, the court issued an order to show cause and gave Plaintiff fourteen days to file and serve a notice of intent to prosecute his action and a response to Defendants' motion for summary judgment. He was advised that a failure to do so would result in a recommendation that his action be dismissed with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b) and Local Rule 41-1.

To date, Plaintiff has not filed a response to the order to show cause, or a response to Defendants' pending motion for summary judgment. Plaintiff has not otherwise communicated with the court indicating an intent to proceed with this action.

## **II. DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).). In addition, Local Rule 41-1 provides that a civil action that has been pending for more than 270 days without any proceeding of record may, after notice, be dismissed for want of prosecution by the court sua sponte.

It has been 478 days since Plaintiff participated in the unsuccessful early mediation conference, and 227 days since Defendants filed and served their motion for summary judgment. Plaintiff has not indicated that he intends to continue to prosecute this action despite being given multiple extensions of time to respond to the motion and to respond to the order to show cause.

In considering whether to dismiss a pro se plaintiff's action on this basis, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). In addition, a rebuttable presumption of prejudice of defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citation omitted) ("The failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant."). The presumption is warranted here given that Plaintiff has not had any contact with the court since the early mediation conference in February of 2018. Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions in light of the fact that Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order: **DISMISSING** this action with **PREJUDICE**, and **DENYING** Defendants' pending motion for summary judgment (ECF No. 34) as **MOOT**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 3, 2019.

_____
William G. Cobb
United States Magistrate Judge